*Ames Dept. Stores v Assessor of Town of Concord, supra,* at 10). The provision in the lease granting petitioner the right to contest the tax assessment in the name of the lessor allows petitioner to assert the requisite "unitary property interest" (*Waldbaum, Inc. v Finance Adm'r of City of N. Y., supra,* at 134).

Petitioner and the lessor have equal standing to bring tax assessment review proceedings. The lease does not limit the grant of authority to petitioner, nor does it contain language from which it can be concluded that the lessor made a complete assignment of its right to seek tax assessment review. Because it was not a party to the agreement between the lessor and respondents in 1996, petitioner cannot be precluded by that agreement from maintaining these proceedings (*see, Matter of Big V Supermarkets v Assessor of Town of E. Greenbush, supra,* at 728). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—RPTL.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.

■ FOUZY NAGI, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent. [689 NYS2d 573] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint in this action to recover insurance proceeds for property damaged by fire. The court properly determined that defendant established that the insured premises, a building comprised of three apartments and a store front, was vacant or unoccupied for 60 consecutive days before the fire, thereby excluding coverage pursuant to the policy terms. Plaintiff, however, raised a question of fact whether the renovation of the store front rendered the building unoccupied due to circumstances that were usual or incidental to the described occupancy, in which case the loss would be covered (*cf., Lamoureux v New York Cent. Mut. Fire Ins. Co.,* 244 AD2d 645).

We note that, contrary to plaintiff's contention, defendant's motion was not untimely. The note of issue was filed before the effective date of the amendment to CPLR 3212 (a), which requires that a motion for summary judgment be made no later than 120 days after the filing of the note of issue. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.

■ ROBERT KRIESEL, Appellant-Respondent, v MAY DEPARTMENT STORES COMPANY, Doing Business as KAUFMANN's and/or

KAUFMANN'S DEPARTMENT STORE, et al., Respondents-Appellants. (Appeal No. 1.) [690 NYS2d 470] —Appeal and cross appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeals from Judgment of Supreme Court, Onondaga County, Tormey, III, J.—Damages.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.

 ROBERT KRIESEL, Appellant-Respondent, v MAY DEPARTMENT STORES COMPANY, Doing Business as KAUFMANN'S and/or KAUFMANN'S DEPARTMENT STORE, et al., Respondents-Appellants. (Appeal No. 2.) [689 NYS2d 589] —Amended judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past and future pain and suffering only in accordance with the following Memorandum: Plaintiff appeals from a judgment after a jury trial that awarded plaintiff damages for past and future lost wages and medical expenses but failed to award damages for past or future pain and suffering. We agree with plaintiff that the failure to award damages for pain and suffering deviates materially from what would be reasonable compensation in that respect (*see,* CPLR 5501 [c]). The jury's verdict awarding plaintiff damages for medical expenses and lost wages indicates that the jury found a causal connection between plaintiff's fall in defendants' store and plaintiff's injuries. Where the evidence establishes that plaintiff suffered an injury requiring medical treatment and resulting in other consequences, "the jury's failure to award damages for pain and suffering is contrary to a fair interpretation of the evidence and constitutes a material deviation from what would be reasonable compensation" (*Kennett v Piotrowski,* 234 AD2d 983, 984). Thus, plaintiff is entitled to a new trial on damages for past and future pain and suffering.

Defendants contend in their cross appeal that, by accepting payment of the judgment and by executing a satisfaction of judgment, plaintiff waived his right to appeal. In denying defendants' motion to dismiss the appeal, this Court previously rejected defendants' contention. We note that plaintiff executed a satisfaction of judgment for the judgment awarding him damages for past and future lost wages and past and future medical expenses but argues on appeal that the verdict awarding him no damages for pain and suffering is inadequate. As a general rule, a plaintiff may not appeal after accepting payment of a judgment (*see, Mid-State Precast Sys. Corbetta Constr. Co.,* 223 AD2d 776, 777). Where, as here, however, "the outcome of the appeal could have no effect on the appellant's right to the